**David E. MOREIRA, Appellant,**

v.

**Anthony J. PRINCIPI, Acting Secretary of Veterans Affairs, Appellee.**

No. 91–698.

United States Court of Veterans Appeals.

Dec. 3, 1992.

Before FARLEY, Associate Judge.

## MEMORANDUM DECISION

FARLEY, Associate Judge:

This is an appeal from a December 31, 1990, decision of the Board of Veterans' Appeals (BVA or Board) which denied entitlement to an earlier effective date for a Special Monthly Compensation (SMC) rating under 38 U.S.C. § 1114(n) (formerly § 314(n)). A timely appeal to this Court followed. The Court has jurisdiction pursuant to 38 U.S.C. § 7252(a) (formerly § 4052(a)). On December 5, 1991, appellant filed a brief. On March 9, 1992, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief, and for a stay of proceedings pending a ruling on this motion. On March 24, 1992, appellant filed a reply brief.

### I. The Facts

Appellant served on active duty in the United States Marine Corps from August 1967 to July 1969. R. at 1. In February 1969, he received multiple injuries after stepping on a land mine while serving on duty in Vietnam. R. at 4. In a rating decision dated August 26, 1969, a Veterans' Administration (now Department of Veterans Affairs) (VA) rating board awarded appellant a temporary schedular rating of 100% for his service-connected injuries which included amputations of the left leg above the knee and right leg below the knee; scars of the left wrist, left leg, right leg, right and left arms; residuals of a fracture of the right thumb; serum hepatitis; corneal laceration; and traumatic cataract of the left eye. R. at 11. Appellant also was awarded SMC at the level specified in 38 U.S.C. § 1114(m) (formerly § 314(m)), with an effective date of July 26, 1969. *Id.* In a subsequent rating decision dated August 19, 1970, the VA rating board confirmed that appellant was "[e]ntitled [to] SMC under ... [former] [§] 314(m) ... on [account] of anatomical loss of both lower extremities at levels or with compli-

cations preventing natural knee action with prosthesis in place from 7–26–69." R. at 27. The rating boards did not include, in either the 1969 or 1970 rating decisions, a detailed explanation as to how appellant's rate of SMC compensation was calculated. Appellant did not timely file a Notice of Disagreement with either the 1969 or 1970 rating determinations.

In a memorandum dated June 10, 1988, the Paralyzed Veterans of America (PVA), on behalf of appellant, asserted that the rating boards committed clear and unmistakable error in their 1969 and 1970 rating decisions. R. at 31. In a subsequent October 11, 1988, decision, the rating board summarized the arguments advanced by the PVA on behalf of appellant as follows:

> Veteran's representative contends that sufficient medical evidence was of record prior to original rating [in] 8–26–69 for Rating Board to have assigned SMC levels [of] (M½) based on bilateral leg amputations, [above-knee amputation] equivalent to disarticulation and [below-knee amputation] with disability preventing natural knee action (38 CFR 3.350(FIV)). The additional half-step would be on the basis of bilateral factor of 1.9% added for [diagnostic code] [ (DC) ] 5215–7805, left wrist 10% and DC 5309–7805, 10% for right wrist. Additional [service-connected] disabilities of DC 6029 at 30% would indeed add up to additional 50%. This additional half-step contended by veteran's representative should have enabled Board to grant veteran SMC level of N from 7–26–69. If the evidence was not available to determine clear and unmistakable error [in the] Rating [of] 8–26–69, the veteran's representative contends it was certainly available at the time of [the] Rating of 8–19–70.

R. at 47.

This rating board concluded, however, that the 1969 and 1970 rating boards did not commit clear and unmistakable error by granting appellant SMC under

§ 1114(m) rather than under § 1114(n). The October 1988 rating board noted that, at the time of the 1969 and 1970 rating decisions, the evidence was inadequate for the previous rating boards to determine that appellant was going to be permanently incapable of using a prosthesis on either leg and therefore entitled to a higher SMC rating under § 1114(n). *Id.* However, the October 1988 rating board determined that, based on additional evidence submitted by appellant since the 1969 and 1970 ratings, appellant was entitled at the time of this latter rating to an increased SMC level under § 1114(n). Specifically, the rating board noted:

> [I]t is clearly shown now that veteran has equivalent disarticulation on left and [below the knee] on right at such level that he cannot use prosthesis on either stump, thereby entitling him initially to SMC level of M and ½ plus ½ step for additional 50% evaluation of other [service-connected disabilities], totalling SMC level (N). This grant in increased evaluation is effective date memo was received from veteran's representative 6–10–88.

*Id.*

On October 2, 1989, the Disabled American Veterans (DAV), on behalf of appellant, filed a Notice of Disagreement with the October 1988 rating decision, asserting that the VA should have granted appellant entitlement to a level of SMC under 38 U.S.C. § 1114(n), with an effective date of July 20, 1969. R. at 51–52. Appellant perfected his appeal to the BVA on November 2, 1989, R. at 59, contending that the originating agency committed clear and unmistakable error in its rating decisions of August 1969 and August 1970 by failing to (1) grant him a higher level of SMC under § 1114(n) and (2) take into consideration that he had permanent disabilities separate and apart from his injuries to his lower extremities which warranted SMC at a higher rating than that previously assigned. In a decision dated December 31, 1990, the BVA determined that based on the evidence of record, an effective date prior to June 10, 1988, for a grant of SMC under § 1114(n), was not warranted because the August 1969 and August 1970

rating decisions which failed to grant SMC under § 1114(n) were not clearly and unmistakably erroneous. *David E. Moreira*, BVA 90–46996, at 7 (Dec. 31, 1990). Appellant has timely appealed the Board's decision to this Court.

## II. The Law

### A.

This Court has recently held that it has jurisdiction to review BVA decisions on the existence of "clear and unmistakable error" where appellant has timely filed both a Notice of Disagreement and Notice of Appeal. *Russell v. Principi*, 3 Vet.App. 310, 314–15 (1992). The Court's review, however, is limited to determining whether the BVA decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law...." *Id.*, at 315 (citing 38 U.S.C. § 7261(a)(3)(A) (formerly § 4061(a)(3)(A)). The Court must also determine whether the BVA provided adequate reasons or bases for its decision. *Id.* (citing 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)); *Gilbert v. Derwinski*, 1 Vet. App. 49, 56–57 (1990)).

### B.

The rate of SMC awarded to a veteran based on wartime disability varies according to the nature of the veteran's service-connected disabilities; the various levels of SMC are found in 38 U.S.C. § 1114 (formerly § 314) and 38 C.F.R. § 3.350 (1991). Pursuant to this statute and regulation, if the veteran, as the result of service-connected disability, has suffered the anatomical loss or loss of use of both feet, or of one hand and one foot, the monthly compensation is set at $2,014. 38 U.S.C. § 1114(*l*); 38 C.F.R. § 3.350(b). If the veteran, as the result of service-connected disability, has suffered the anatomical loss or loss of use of both legs at a level, or with complications, preventing natural knee action with prosthesis in place, the monthly compensation is established at $2,220. 38 U.S.C. § 1114(m); 38 C.F.R. § 3.350(c)(1)(ii). If the veteran, as a result of service-connected disability, has suffered the anatomical loss of both legs so near the hip as to prevent the use of prosthetic

appliances, or has suffered the anatomical loss of one arm and one leg so near the shoulder and hip as to prevent the use of prosthetic appliances, the monthly compensation is set at $2,526. 38 U.S.C. § 1114(n); 38 C.F.R. § 3.350(d)(2). The degree of disability required for entitlement to SMC for loss or loss of use of both legs under former § 314(*l*) through (n), in effect at the time of the 1969 and 1970 rating decisions, and § 1114(*l*) through (n), currently in effect, is substantially the same. Where the veteran's disabilities fall between the requirements for two subsections, an intermediate rate is authorized and will be set at the arithmetic mean, rounded to the nearest dollar, between the two rates concerned. 38 U.S.C. § 1114(p); 38 C.F.R. § 3.350(f).

> Anatomical loss or loss of use of one foot with anatomical loss or loss of use of one leg at a level, or with complications preventing natural knee action with prosthesis in place, shall entitle to the rate between 38 U.S.C. [§] 314(*l*) and (m) [now § 1114(*l*) and (m)].

38 C.F.R. § 3.350(f)(1)(i) (1991).

> Anatomical loss or loss of use of one leg at a level, or with complications, preventing natural knee action with prosthesis in place with anatomical loss of one leg so near the hip as to prevent use of a prosthetic appliance, shall entitle to the rate between 38 U.S.C. [§] 314(m) and (n) [now § 1114(m) and (n)].

38 C.F.R. § 3.350(f)(1)(v) (1991). Furthermore, where the veteran has additional single permanent disabilities or a combination of permanent disabilities independently ratable at 50% or more, the veteran is entitled to SMC at the next higher intermediate rate or, if the veteran already is entitled to an intermediate rate, to the next higher statutory rate under 38 U.S.C. § 1114 (but not above the (*o*) rate). 38 C.F.R. § 3.350(f)(3).

### III. Application of Law to Facts

Appellant's representative contended that the August 1969 and August 1970 rating decisions were clearly erroneous because they failed to award appellant an increased SMC rating based on his additional disabilities separate and apart from the injuries to his lower extremities. *Moreira*, BVA 90–46996, at 3. In its December 1990 decision, the Board referred this issue to the originating agency for appropriate consideration. *Id.* Accordingly, our decision today will in no way impact upon the disposition of that separate claim based upon a different allegation of clear and unmistakable error.

The BVA held that an effective date prior to June 10, 1988, for an award of SMC under 38 U.S.C. § 1114(n) is not warranted because the August 1969 and August 1970 rating decisions were not clearly and unmistakably erroneous. *Moreira*, BVA 90–46996, at 7. In reaching this holding, the Board noted:

> [W]hen examined by the VA in April 1970, it was reported that the veteran was wearing a below-the-knee prosthesis on the right and a temporary below-the-knee [sic] prosthesis on the left. There was no indication that he was having any difficulties with use of a prosthesis on either lower extremity. In other words, the pertinent governing criteria for entitlement to special monthly compensation under 38 U.S.C. [§] 314(n) [now § 1114(n)] were not met. The rating determinations by the originating agency in August 1969 and August 1970 were supported by the evidence then of record. The veteran did not timely file a notice of disagreement with either of the above determinations which became final.

> A reopened claim for a higher rate of special monthly compensation was received by the originating agency on June 10, 1988. The August 1988 VA examination disclosed that the veteran was unable to use a prosthesis on either lower extremity. The above medical evidence provided a basis upon which to predicate a higher level of special monthly compensation under the criteria of 38 U.S.C. [§] 314(n) [now § 1114(n)]. There existed no medical basis upon which to warrant entitlement to a higher level of special monthly compensation prior to June 10, 1988. Reasonable doubt for allowance of

the benefit requested on appeal has not been demonstrated.

*Id.* at 6–7. Thus, the Board concluded that the previous SMC ratings were supported by the evidence of record at the time of those ratings and were, therefore, not the result of clear and unmistakable error.

This Court's review of the record reveals that at the time of the 1969 rating, there were plans for appellant to be fitted for a below-the-knee prosthesis on the right leg and an above-the-knee prosthesis on the left leg. R. at 5, 14. The record also reflects that at the time of the 1970 rating, appellant was wearing a below-the-knee prosthesis on his right leg and a temporary above-the-knee prosthesis on his left leg. R. at 19. The record provides no evidence to indicate, at the time of these earlier ratings, that appellant would be unable to use the prostheses without complications in the future.

Although the early rating decisions did not articulate how the rating boards determined that appellant was entitled to SMC at the § 1114(m) level, the subsequent 1988 rating decision explained the basis for the calculation and confirmed that appellant's earlier SMC level was supported by the evidence then of record. Specifically, the October 1988 rating decision noted:

> Rating [of] 8–26–69 . . . does not contain Discussion Paragraph, to exactly explain method for arriving at grant of SMC(M), but review of the evidence tends to show the SMC level was granted on the basis of anatomical loss of left lower leg permitting prosthesis and left [above-the-knee amputation] permitting prosthesis, plus additional ½ step for additional 50% on other [service-connected] disabilities. This was granted as convalescenct [sic] prestabilization Rating at the time. Rating [of] 8–19–70 . . . confirmed and continued overall compensation level at SMC(M). Vet continued on subsequent clothing allowance [and] claims that he was wheelchair bound, but there was no accompanying reports to confirm this. All medical evidence subsequent to 1970 up to 6/88, veteran's representative memo, concerned his [service-connected]

disabilities, not specific evaluation of his leg amputations.

R. at 48. Accordingly, there is a plausible basis for the Board's determination that appellant was not entitled to SMC under § 1114(n) prior to June 10, 1988, because the 1969 and 1970 rating decisions granting appellant SMC under § 1114(m) were not clearly and unmistakably erroneous.

## IV. Conclusion

Upon consideration of the record, appellant's briefs, and the Secretary's motion for summary affirmance, this Court holds that the BVA's conclusion that appellant is not entitled to an earlier effective date for SMC under 38 U.S.C. § 1114(n) because the 1969 and 1970 ratings were not clearly and unmistakably erroneous is not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Russell,* at 315. Further, the Court holds that appellant has not demonstrated that the Board committed either factual or legal error which would warrant reversal. *Gilbert, supra; see also Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States,* 899 F.2d 3 (Fed.Cir.1990). The Court also is satisfied that the BVA decision meets the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1), and the benefit of the doubt doctrine of 38 U.S.C. § 5107(b) (formerly § 3007(b)). *See Gilbert, supra.* Summary disposition is appropriate. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990). Accordingly, the Secretary's motion for summary affirmance is granted and the decision of the Board of Veterans' Appeals is AFFIRMED.